IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-48-GMS |
| | : | |
| TYRONE ROANE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Tyrone Roane, by and through his undersigned counsel, Edson A. Bostic, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about March 29, 2007, including any and all statements made subsequent to the illegal search.

In support of this motion, Mr. Roane avers as follows:[1]

1.      On March 29, 2007, Officer Brian Witte of the Wilmington Police Department allegedly received information from a confidential informant that a black male wearing a black and white printed jacket was selling narcotics from a home at 2201 N. Pine Street in Wilmington, Delaware. This home is owned by Victoria Jones, Mr. Roane's friend.

---

[1] The facts contained in paragraphs 1-6 of this motion were taken from Discovery provided to the defense by the government, as well as from independent defense sources. Although Mr. Roane cites these facts in his motion, he submits that an Evidentiary Hearing is needed to further develop the facts, which are determinative of this motion.

2. Based on this information, Officer Witte contacted Officers Shawn Gordon and Kurt Bryson and initiated surveillance of Ms. Jones' residence. The officers saw Mr. Roane, who matched the informant's clothing description, standing on the porch.

3. The officers alleged that Mr. Roane entered Ms. Jones' home as Officers Gordon and Bryson drove past the home in their police vehicle. Officer Witte alleged that he subsequently drove past the home and saw Mr. Roane enter the home for a second time.

4. Officers Witte, Gordon and Bryson simultaneously approached the home and alleged that Mr. Roane immediately began to reenter it. Officer Bryson allegedly told Mr. Roane that they wanted to talk to him and asked him twice to stop. Mr. Roane, however, declined these requests, reentered the home and shut the door.

5. Shortly thereafter, Officers Gordon and Bryson forcibly entered the home and pursued Mr. Roane through an open back door and into the back yard. Officer Witte went to the rear of the home and allegedly observed Mr. Roane exit the back door and enter the backyard, and throw what appeared to be a firearm.

6. During this pursuit, one of the officers fired at, and hit, Mr. Roane with a taser. Mr. Roane was arrested, searched and found to be in possession of crack cocaine. Officer Witte subsequently recovered the firearm.

7. On April 3, 2007, Mr. Roane was indicted for possession of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

8.      The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST. Amend. IV.  A police officer may stop an individual and initiate a brief investigatory detention if the individual's behavior raises suspicion of criminal activity.  Terry v. Ohio, 392 U.S. 1 (1968); see also Illinois v. Wardlow, 528 U.S. 119 (2000).  The officer's suspicion, however, must be based on specific, articulable facts that a crime has been committed.  United States v. Coker, No. 05-4056, 2007 WL 931107 (3d Cir. Mar. 29, 2007); see also United States v. Cortez, 449 U.S. 411 (1981) (stating that courts should consider a totality of the circumstances in determining whether an officer's suspicion amounts to reasonable suspicion).

9.      If police exceed the least-intrusive means of detention or investigation, a Terry stop can ripen into an arrest, for which probable cause is required.  See Terry, 392 U.S. at 27 (stating that "the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger"); see also United States v. Sharpe, 470 U.S. 675 (1985) (stating that an investigatory Terry stop may ripen into an arrest if the duration of the stop or the amount of force used is "unreasonable"); Wiers v. Barnes, 925 F.Supp. 1079, 1087 (D.Del. 1996) (stating that the Fourth Amendment requires application of the "reasonableness standard" to actions by law enforcement officers, and the test is an objective one: "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.") (citations omitted); United States v. McGrath, 89 F.Supp.2d 569 (E.D. Pa. 2000) (stating that the continued detention of a suspect must be based upon probable cause).

10.     With regard to warrantless arrests, the Supreme Court made clear in Payton v. New

York, 445 U.S. 573 (1980) that the Fourth Amendment prohibits the police from making a warrantless, nonconsenual entry into a suspect's home in order to make a routine felony arrest. Cf. Steagald v. United States, 451 U.S. 204 (1981) (concluding that absent consent or exigent circumstances, the police may not enter a third party's home without a search warrant even in order to apprehend the suspect of an arrest warrant); Sharrar v. Felsing, 128 F.3d 810 (3d Cir. 1997) (stating that the government bears the burden of demonstrating exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries); see also Terry v. Ohio, 392 U.S. at 20 (stating that the "police must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure . . . [and][,] in most instances failure to comply with the warrant requirement can only be excused by exigent circumstances.").

11.     In Minnesota v. Olson, 495 U.S. 91, 100 (1990), the Supreme Court cited examples of exigent circumstances that may excuse a police officers' warrantless invasion of a home. There, the Court stated that "a warrantless intrusion may be justified by hot pursuit of a fleeing felon, or imminent destruction of evidence, or the need to prevent a suspect's escape, or the risk of danger to the police or to other persons inside or outside the dwelling." Id. (citations omitted).

12.     At the outset, the police officers lacked reasonable suspicion to conduct an investigative stop of Mr. Roane. The government has produced no evidence to support the police officers' reliance on the confidential informant's tip, and Mr. Roane's entry into the home does not give rise to reasonable suspicion. See e.g., United States v. Valentine, 232 F.3d 350, 357 (3d Cir. 2000) (stating that "walking away from the police does not give rise to reasonable suspicion by itself, even in a high-crime area."). Indeed, the police officers' actions exceeded the least-intrusive means of detention or investigation, which ripened the Terry stop into an arrest for which probable cause

4

is required. See Terry, 392 U.S. at 27.

13. Moreover, in this case, there were no exigent circumstances present at the time of the police officers' forcible intrusion to justify their warrantless entry into the home. At the time the officers forcibly entered the home, Mr. Roane had only declined their requests for questions and closed the door. At best, the police officers suspected that Mr. Roane may be involved in criminal activity based on an informant's tip and his entry into the home during the surveillance. As discussed above, these activities alone, however, did not provide reasonable suspicion for an investigative detention or probable cause to support his arrest. See e.g., Sharrar, 128 F.3d at 820 (stating that police belief that a suspect, who was located inside of a home, posed a danger and may have possessed a gun, did not constitute exigent circumstances that justified warrantless entry into the arrestee's home). Because Mr. Roane's arrest violated the Fourth Amendment, all evidence, including the firearm and narcotics that were seized after his arrest, must be suppressed in accordance with the "fruit of the poisonous tree doctrine" expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

14. Mr. Roane further submits that any alleged statements made during, or subsequent to, his unlawful arrest should be suppressed pursuant to the Fifth Amendment and Miranda v. Washington, 384 U.S. 436, 444 (1966) (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement); see also Wong Sun v. United States, 371 U.S. at 471.

15. Mr. Roane reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence and Statements after the completion of a hearing in this matter.

**WHEREFORE**, Mr. Roane respectfully submits that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about March 29, 2007, including all statements made subsequent to the illegal search.

Respectfully submitted,

/s/ _____

Edson A. Bostic, Esquire
Federal Public Defender

Attorney for Tyrone Roane

Federal Public Defender's Office
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010

Dated: June 25, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-48-GMS |
| | : | |
| TYRONE ROANE, | : | |
| | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this ____ day of _____, 2007, upon consideration of the Defendant's Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by the Wilmington Police Department on March 29, 2007, and statements made by the Defendant to law enforcement officials on March 29, 2007, are hereby **SUPPRESSED**. Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

BY THE COURT:

_____
Honorable Gregory M. Sleet
United States District Court Judge