IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal Action No. 07-48-GMS |
| Plaintiff, | : |
| v. | : |
| | : |
| TYRONE ROANE, | : |
| | : |
| Defendant. | : |

### GOVERNMENT'S REQUEST TO SUMMARILY
### DENY THE DEFENDANT'S MOTION TO SUPPRESS

The United States, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Shawn E. Martyniak, Special Assistant United States Attorney for the District of Delaware, hereby requests the Court to deny the Defendant's *Motion to Suppress Physical Evidence and Statements* without the requirement of a formal hearing before the Court. Alternatively, the Government submits this response to the Defendant's Motion prior to any required hearing.

### I. FACTUAL ALLEGATIONS.

The Government submits the following factual allegations:

1. On March 29, 2007, Wilmington Police Officer Corporal Witte learned, from a past, proven reliable source, that an individual at 22d and Pine Streets in the city of Wilmington, Delaware was observed conducting a drug transaction. The suspect was described as a "black male wearing a black and white printed jacket."

2. Shortly after receiving the information, at approximately 2:00 P.M., Wilmington Police Officers responded to 22nd and Pine Streets in the city of Wilmington, Delaware.

3. Wilmington Police Officers Gordon and Bryson were notified of the information and responded to the location. The Officers observed an individual matching the description given to police on the porch of 2201 N. Pine Street. The individual was later determined to be Tyrone Roane, herein "defendant." Upon observing the fully marked police cruiser, the defendant quickly entered the front door of the residence.

4. The Officers then drove away from the residence, but returned to the area approximately two minutes later. Again, the Officers observed the defendant on the porch of the residence. The defendant again fled into the residence upon seeing the police vehicle.

5. As Officers Gordon and Bryson were driving by the front of the residence, Corporal Witte stopped along the side of 2201 N. Pine Street and approached the residence from the rear.

6. Corporal Witte observed Officers Gordon and Bryson approach the residence a third time. Upon making eye contact with the Officers, the defendant quickly stood up and approached the front door of the residence. Officer Bryson told the defendant to stop and approach the police vehicle two times. The defendant ignored the request and fled toward the front door of the residence. The defendant then entered 2201 N. Pine Street, closing the door behind him.

7. Corporal Witte was located to the rear, outside of the property of 2201 N. Pine Street. A short time later, the defendant exited the rear of the dwelling in an attempt to leave. Upon exiting the house, the defendant made eye contact with Corporal Witte.

8. Upon making eye contact with Corporal Witte, the defendant began running around the rear yard searching for avenues of escape; however every attempt made by the defendant was thwarted by Corporal Witte.

9. At one point, while running around the rear yard, the defendant stepped up onto a pile of rocks and threw a black handgun and two white objects over the fence into the rear yard of 2203 N. Pine Street. The defendant then ran back towards the rear of the residence.

10. As the defendant ran away from the direction of Corporal Witte, Officer Gordon gained access to 2201 N. Pine Street by kicking the door in. Officer Gordon then ran to the rear of the residence and out the back door. The defendant, now attempting to flee from both officers, ran from the back of the residence and attempted to jump over a fence in the backyard. As he attempted this escape, Officer Gordon deployed his TASER weapon. The defendant was struck with the electrodes from the TASER and fell to the ground. He quickly stood back up and began another attempt to flee.

11. Cpl Witte then reached the defendant, took him to the ground, and ordered him to place his hands behind his back. The defendant failed to comply with the Corporal's commands by placing his hands under his body. Corporal Witte then struck the defendant in the face causing the defendant to comply. The defendant was then taken into custody.

12. Corporal Witte then responded to the rear yard of 2203 N. Pine Street and conducted an area search. The Officer located a Ruger MK II, .22 caliber handgun and two clear plastic bags containing a tan chunky substance, which were consistent with the objects Corporal Witte earlier saw the defendant discard. The substance in both bags field-tested positive for cocaine base and had a preliminary weight of 17.58 grams.

13. As a result of the stop and subsequent arrest, the defendant is charged with three separate violations of federal law: 1) Possession with intent to distribute more than five (5) grams of cocaine base ("crack")(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)), 2) Possession of firearm in

furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)), and 3) Possession of a firearm by a prohibited person (18 U.S.C. §§ 922(g)(1) and 924(a)(2)).

14. The Government respectfully requests the Court deny the defendant's *Motion* without the requirement of a hearing; the defendant has failed to establish standing required to contest the stop by the Officers. If the Court determines that a hearing is required, the Government requests that the Court treat this as the Government's pre-hearing response. Additionally, if a hearing is held, the Government respectfully requests permission to respond to any additional briefing filed by defendant.

## II. LEGAL ARGUMENT.

### A. The defendant has failed to establish standing to contest the stop.

The defendant's motion fails to give any factual basis that entitles him to a hearing by the Court. The defendant was apprehended while he was in the backyard of a third party's residence[1] and was seen by officers discarding a firearm and narcotics; the defendant's own motion substantially recognizes this.[2] The defendant was not in custody until after the officer saw the defendant discard the firearm and narcotics. The defendant has failed, in any aspect, to show that he had a "reasonable expectation of privacy" in the residence or of the adjacent yard and thus, has failed to establish standing.

The Fourth Amendment right to be free from unreasonable searches and seizures is a

---

[1] Defendant even admits that he was not at his own residence in his brief writing, "[t]he home is owned by...Mr. Roane's friend."

[2] In his motion, defendant writes, "Officer Witte went to the rear of the home and allegedly observed Mr. Roane exit the back door and enter the backyard, and throw what appeared to be a firearm."

4

personal right and a defendant must establish standing in order to assert that right. *See United States v. Hebron*, 243 F. Supp. 2d 90, 96 (D. Del. 2003). *See also United States v. Padilla*, 508 U.S. 77, 81-82 (1993); *Government of Virgin Islands v. Williams* 739 F.2d 936, 938 (3d Cir. 1984). The burden of establishing standing to raise a Fourth Amendment challenge rests with the defendant. *See United States v. Hebron*, 243 F. Supp. 2d 90, 96 (D. Del. 2003). *See also United States v. Salvucci*, 448 U.S. 83, 86-95 (1980); *Rakas v. Illinois*, 439 U.S. 128, 130 n. 1 (1980).

In order to establish standing, an individual challenging a search must have a reasonable expectation of privacy in the property searched. *See Rawlings v. Kentucky*, 448 U.S. 98, 104-106 (1980). The defendant has provided no information to the Court showing that he has a reasonable expectation of privacy in the house. The house in question does not belong to the defendant and he does not reside in the house. Additionally, he does not, and cannot, show that he has any privacy interest in the neighbors yard where the police searched and found evidence.

The defendant turns to *Payton v. New York*, 445 U.S. 573 (1980) and *Minnesota v. Olson*, 495 U.S. 91 (1990). In *Peyton*, it was held that a suspect should not be arrested in his house without an arrest warrant, even though there is probable cause to arrest him. *Payton v. New York*, 445 U.S. 573 (1980). However, in *Minnesota v. Olson*, the Court wrote, "[t]he purpose of the Payton[sic] decision was not to protect the person of the suspect but to protect his home from entry in the absence of a magistrate's finding of probable cause." *Minnesota v. Olson*, 495 U.S. 91, 95 (1990). The logic of *Payton* does not apply to the factual scenerio before the Court as 1) it is not the defendant's home (as n *Payton*) and 2) the defendant has not shown any privacy interest in the home.

It is worth noting that, in *Olson*, the defendant was located hiding in a closet in the house.

*Id.* at 94. The Court also wrote, "Olson, who had been staying at Ecker's home for several days before the robbery, spent the night of the robbery on the floor of the Bergstroms' home, with their permission. He had a change of clothes with him at the duplex." *Id.* at 97. Clearly, in *Olson*, the Court took into consideration the fact that the defendant had stayed at the house the previous few days and the fact that he was arrested within the house. In the case at bar, the defendant has shown no evidence that he stayed at the house, nor was he arrested in the house.

The Government respectfully requests that the Court deny the defendant's motion without the requirement for a hearing. The defendant has failed to establish that he had any reasonable expectation of privacy in the backyard of the third party's residence or in the neighbor's yard. The defendant lacks standing to contest the seizure of him or the evidence.

### B. The defendant was not in custody until after he discarded the gun and drugs.

If the Court finds that the defendant has established "standing," the motion should still be denied as he was not "in custody" until after he discarded the gun and narcotics. The defendant's motion seems to based on the theory that the Wilmington Police Officers lacked reasonable suspicion to stop Mr. Roane.[3] However, Mr. Roane was not stopped, detained, or in custody prior to discarding the handgun and cocaine.

The United States Supreme Court has made clear that in order to constitute a seizure of a person there must be either the application of physical force or submission, by the suspect, to the Officer's show of authority. *California v. Hodari D.*, 499 U.S. 621, 626-27 (1991). A show of authority by the police to which a subject does not yield is insufficient. *See id.* Moreover, if no

---

[3]In paragraph twelve of the defendant's motion he writes, "[a]t the outset, the police officers lacked reasonable suspicion to conduct an investigative stop of Mr. Roane."

physical force accompanies the show of authority, and an individual then chooses to ignore the show of authority, there is no seizure until the officer applies physical force or the individual submits to the show of authority. *See id.* at 624-627.

Upon receiving Officer Bryson's commands to stop and approach the Officer's vehicle, the defendant instead fled into 2201 N. Pine Street and subsequently out the back door. As the defendant attempted to flee the scene, he encountered Corporal Witte and continued his attempt to flee. As he ran around the backyard avoiding the police conduct, he threw a handgun and two baggies of crack-cocaine into an adjoining yard. As the defendant continued to avoid the officers he attempted to flee by hopping the fence; during this attempt the defendant was TASERED. The Government concedes that the defendant was in custody after Officer Gordon TASERED him. However, prior to being in police custody, the defendant discarded the firearm and cocaine; the Officers did not violate the defendant's rights in recovering the abandoned property.

C. The defendant's rights were not violated when Officers seize abandoned property.

After the defendant threw the crack cocaine and firearm from his person into the backyard of the adjacent property at 2203 N. Pine Street, the items became abandoned property. As abandoned property, the police were free to recover the contraband without violating any of the defendant's rights.

In *Abel v. U.S.*, the Supreme Court determined that warrant-less searches and seizures of abandoned property did not violate the Fourth Amendment. *Abel v. U.S.*, 362 U.S. 217 (1960). The Court wrote, "[t]here can be nothing unlawful in the Government's appropriation of . . . abandoned property." *Id.* at 241.

In the case at bar, the defendant fled the residence and upon seeing Corporal Witte began

7

running around the backyard. The defendant then stood atop a rock pile and discarded a firearm and nearly eighteen grams of crack cocaine into the adjacent property at 2203 N. Pine Street; the contraband was not located in the yard where the defendant was located. Once the defendant discarded the contraband, the Officers were free to recover the items.

### III. CONCLUSION.

The Government respectfully submits that the defendant's motion should be denied for failure to establish any standing to contest the arrest of the defendant or the seizure of the evidence. However, if the Court concludes that standing has been established, the Government submits that the defendant's motion is without merit. Prior to the discarding of the firearm and crack cocaine, the defendant never was physically apprehended nor did he acquiesce to the commands of the police. Furthermore, once the defendant discarded the firearm and cocaine, prior to being placed in custody, the contraband became abandoned property subject to recovery by police.

WHEREFORE, the United States respectfully asks the Court to summarily deny the Defendant's *Motion* or, in the alternative, consider this the Government's pre-hearing response to the Defendant's *Motion*.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:  /s/ Shawn Martyniak
Shawn E. Martyniak (De. I.D. No. 4433)
Special Assistant United States Attorney
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

Dated: August 31, 2007.