IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-48-GMS |
| | ) | |
| TYRONE ROANE, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PROPOSED REQUEST FOR JURY INSTRUCTIONS

COLM F. CONNOLLY
United States Attorney

Shawn E. Martyniak
Special Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046
(302) 573-6277

Edson Bostic, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE 19801
Attorney for Defendant Clark

Dated: October 21, 2007

## TABLE OF CONTENTS

PAGE

PRELIMINARY INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

GENERAL
INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

PRESUMPTION OF INNOCENCE
BURDEN OF PROOF
REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

EVIDENCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-

CREDIBILITY OF A WITNESS – INCONSISTENT STATEMENTS . . . . . . . . . . . . . . . . . -20-

OPINION EVIDENCE -- EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

DEFENDANT'S ELECTION NOT TO TESTIFY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

TESTIMONY OF LAW ENFORCEMENT OFFICERS . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

NATURE OF THE CHARGES
INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-

POSSESSION WITH INTENT TO DISTRIBUTE
FIVE (5) GRAMS OF A MIXTURE AND SUBSTANCE
CONTAINING A DETECTABLE AMOUNT OF COCAINE BASE . . . . . . . . . . . . . . . . . . -27-

DEFINITION OF DISTRIBUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

INTENT TO DISTRIBUTE (DEFENSE REQUEST) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -29-

POSSESSION OF A FIREARM IN FURTHERANCE
OF A DRUG TRAFFICKING CRIME . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-

POSSESSION OF FIREARM BY A FELON
ELEMENTS OF THE OFFENSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -33-

## TABLE OF CONTENTS CONTINUED

PAGE

UNANIMITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -34-

STIPULATION REGARDING
DEFENDANT'S PRIOR FELONY CONVICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -35-

"FIREARM" - DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -36-

ACTUAL AND CONSTRUCTIVE POSSESSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -37-

"KNOWINGLY" - DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -39-

INFERRING REQUIRED MENTAL STATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -40-

"INTERSTATE COMMERCE" - DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -41-

"ON OR ABOUT" -- PROOF OF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -42-

DELIBERATIONS AND VERDICT
INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -43-

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -44-

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -45-

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -46-

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -47-

PROPOSED VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -48-

# **PRELIMINARY INSTRUCTIONS**

**Members of the jury**:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

## **Duty of Jury**

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as I will give it to you. You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

## Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the court may instruct you to find.

The following things are not evidence and must not be considered by you:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If I instruct you that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that I have excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness' testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

## Rules for Criminal Cases

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, a defendant is presumed innocent unless proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government throughout the case. A defendant does not have the burden of proving his innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the defendant may not have testified.

Third, in order to prove the defendant guilty, the government must prove his guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

## Summary of Applicable Law

In this case the Government alleges three charges against the defendant. The defendant is charged with 1) Possession with intent to distribute more than five (5) grams of a mixture and substance containing a detectable amount of cocaine base ("crack"), 2) the defendant is being charged with being a person prohibited from possessing a firearm or who was in possession of a firearm, and 3) the defendant is charged with possessing a firearm in furtherance of a drug trafficking crime, namely possession with intent to distribute cocaine base.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence I will now give you a brief summary of the elements of the offense that the government must prove to make its case.

In Count I, the Indictment charges that the defendant did knowingly possess with intent to distribute more than five (5) grams of a mixture and substance containing a detectable amount of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**FIRST**:      That the defendant knowingly possessed the mixture and substance containing a detectable amount cocaine base charged in the Indictment;

**SECOND**:      That the mixture and substance did contain a detectable amount of cocaine base;

**THIRD**:      The cocaine base weighed in excess of five grams;

-6-

In Count II, the Indictment charges that the defendant during in and relation to a drug trafficking crime for which he may be prosecuted in a Court of the United States (to wit, possession with intent to distribute more than five (5) grams of a mixture and substance containing a detectable amount of cocaine base, as set forth in Count I of this Indictment), knowingly carried a firearm, and knowingly possessed said firearm in furtherance of said drug trafficking crime, all in violation of 18 U.S.C. § 924 (c)(1)(A). The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**FIRST**:        That the defendant committed the crime of Possession with intent to distribute more that five (5) grams of a mixture and substance containing a detectable amount of cocaine base and;

**SECOND**:        The defendant knowingly possessed a firearm in furtherance of that crime;

The phrase "possessed in furtherance of" means the firearm must have some purpose or effect with respect to Possession with intent to distribute; its presence of involvement cannot be the result of accident or coincidence. The firearm must facilitate or have the potential to facilitate the offense of Possession with intent to distribute.

In Count III, the Indictment charges that the defendant possessed in and affecting commerce a firearm, specifically, a firearm, that is, a Ruger, Model MKII, .22 caliber pistol, serial number 214-92208, and that he did so after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in the Superior Court in and for New Castle County Delaware, in violation of title 18 United States Code, Sections 922(g)(1) and 924(a)(2).

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**FIRST**:        That, prior to the date of the offense alleged in the Indictment, the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND**:        That the defendant knowingly possessed the firearm charged in the Indictment;

**THIRD**:        The possession of the firearm was in or affecting interstate commerce.

## **Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case, even with each other. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any conclusion about the matters in issue until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use -- they are not to be given or read to anyone else.

## **Course of the Trial**

The trial will now begin. First, the prosecutor will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses and counsel for defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

## GENERAL

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 1.01 (citation omitted).

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 1.02 (citation omitted).

## PRESUMPTION OF INNOCENCE
## BURDEN OF PROOF
## <u>REASONABLE DOUBT</u>

As you know, the defendant has pleaded not guilty to the crime charged against him in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

-13-

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 1.03 (citation omitted).

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

In addition, the Indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not consider the Indictment as any evidence of the guilt of the defendant, or draw any inference of guilt from it.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 1.04 (citation omitted).

## **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 1.05 (citation omitted).

-16-

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 1.06 (citation omitted).

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he or she in unworthy of belief. Consider each witnesses' intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial. It is your job as jurors to determine whether an incorrect statement or prior inconsistent statement discredits the witness' testimony.

But bear in mind that an innocent misrecollection is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from an innocent error or an intentional falsehood.

Adapted: Pattern Civil Jury Instructions, 5th Circuit, § 2.16, 1 L. Sand, et al., <u>Modern Federal Jury Instructions</u> at 7-16.

**DEFENSE REQUEST**

## CREDIBILITY OF WITNESSES – INCONSISTENT STATEMENTS

## (FALSUS IN UNO FALSUS IN OMNIBUS)

The testimony of a witness may be discredited, or as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony in court. The earlier inconsistent or contradictory statements are only admissible to discredit or impeach the credibility of the witness and not to establish the truth of these statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given to the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of such witness or give it such weight or credibility as you may think it deserves.

O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15.06 (5th ed.)

## OPINION EVIDENCE -- THE EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he claims to be an expert.

Here, Special Agent _____ and Wilmington Police Officer _____ testified as an experts in this case. You should consider any expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of an expert witness just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you -- the jury -- are the sole judges of the facts of this case.

1A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* § 14.01 (5th ed. 2000).

**Government's Request:**

## DEFENDANT'S ELECTION NOT TO TESTIFY

The defendant, Tyrone Roane, did not testify (and did not present evidence in this case). A defendant has an absolute right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.27.

**Defense Request:**

**DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

The defendant did not testify (or present evidence) in this case. Since the defendant is presumed to be innocent and since the burden of proof remains on the Government throughout the trial and never shifts to the defendant, a defendant has an absolute right not to testify (or present evidence).

You must not hold the defendant's exercise of his constitutional right to remain silent against him. Furthermore, it would be improper and unfair for you to try and discuss or to speculate as to why he has not testified. Most importantly, you must not infer any guilt whatsoever from his decision not to testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand.

Remember that it is up to the Government to prove the defendant guilty beyond a reasonable doubt, The defendant is never required to prove that he is innocent.

*See* Griffin v. California, 380 U.S. 609, 613 (1965); Ferguson v. Georgia, 365 U.S. 570, 594 (1961); United States v. Mitchell, 122 F.3d 185 (3d. Cir. 1997), rev'd on other grounds, 526 U.S. 314 (1999).

IF REQUESTED BY EITHER PARTY:

### DEFENDANT'S TESTIMONY

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony. You should evaluate and consider his testimony just as you would any other witness.

*See* Sixth Circuit Pattern Criminal Jury Instructions §7.02B.

## TESTIMONY OF LAW ENFORCEMENT OFFICERS

You  have heard the testimony of law enforcement officers, including ATF agents and Wilmington police officers.  The fact that a witness may be employed as a law enforcement officer does not mean that his testimony is necessarily deserving of more or less consideration, or greater or lesser weight than that of any other witness.


## DEFENSE REQUEST (GOVERNMENT OPPOSES)

**You have heard the testimony of law enforcement officials.  The fact that a witness may be employed by County, State, or Federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.**

**At the same time, it is quite legitimate for defense counsel to try and attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.**

**It is your decision, after reviewing all of the evidence, wether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.**

1 L. Sand, et al., *Modern Federal Jury Instructions,* § 7-16 (adapted).

## **NATURE OF THE CHARGES**

### **INTRODUCTION**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the Indictment. Your job is limited to deciding whether the Government has proved the particular crime charged was committed by the defendant.

*See* Sixth Circuit Pattern Criminal Jury Instructions § 2.01 (citation omitted).

## POSSESSION WITH INTENT TO DISTRIBUTE MORE THAN FIVE (5) GRAMS OF A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE BASE

### ELEMENTS OF THE OFFENSE

Count I of the Indictment charges that the defendant did knowingly possess with intent to distribute more than five (5) grams of a mixture and substance containing a detectable amount of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  For you to find the defendant guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

**FIRST:** That the defendant knowingly possessed the mixture and substance containing a detectable amount cocaine base charged in the Indictment;

**SECOND:** That the mixture and substance did contain a detectable amount of cocaine base;

**THIRD:** The cocaine base weighed in excess of five grams;

**FOURTH:** The defendant possessed with the intent to distribute.

## DEFINITION OF DISTRIBUTION

The word "distribute" means to deliver a [narcotic] <u>controlled substance</u>. "Deliver" is defined as the actual, constructive, or attempted transfer of a [narcotics] <u>controlled substance</u>. Simply stated, the words, distribute and deliver mean to pass on, or to hand over to another, a [narcotics] <u>controlled substance</u>.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating or receiving the price, and supplying or delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of drugs.

3 L. Sand, *et al.*, *Modern Federal Jury Instructions*, 56-10, (2001).

**DEFENSE REQUEST**

**INTENT TO DISTRIBUTE**

As an alternative to proving that the defendant actually distributed the drugs, to satisfy the third element the government may prove that the defendant possessed [narcotics] controlled substances with the intent to distribute them. To prove the third element in this way, the government must prove beyond a reasonable doubt that the defendant had control over the drugs with the state of mind to transfer them to another person.

The same considerations that apply to your determination whether the defendant knew he possessed [narcotics] controlled substances apply to your decision concerning the defendant's intent to distribute them. Since you cannot read the defendant's mind, you must make inferences from his behavior. However, you may not convict the defendant unless these inferences convince you beyond a reasonable doubt that the defendant intended to distribute the [narcotics] controlled substances.

[(When I say that you must find that the defendant intended to distribute the controlled substances, this does not mean that you must find that the defendant intended personally to distribute or deliver the drugs. It is sufficient if you find the defendant intended to cause or assist the distribution of the controlled substance.)]

Basically, what you are determining is whether the drugs in the defendant's possession were for his personal use or for the purpose of distribution. Often it is possible to make this determination from the quantity of drugs found in the defendant's possession. (For example, it would be highly unlikely that a person with 50,000 doses of amphetamine possessed them all for personal consumption.)

The possession of a large quantity of [narcotics] <u>controlled substances</u> does not necessarily mean that the defendant intended to distribute them. On the other hand, a defendant may have intended to distribute [narcotics] <u>controlled substances</u> even if he did not possess large amounts of them. [Other physical evidence, such as paraphernalia for the packaging or possessing of drugs, can show an intent. There might also be evidence of a plan to distribute.] Yu should make your decision whether the defendant intended to distribute the [narcotics] <u>controlled substances</u> in his possession from all of the evidence presented.

3 L. Sand, *et al.*, *Modern Federal Jury Instructions*, 56-11, (2001)(modified).

## POSSESSION OF A FIREARM IN FURTHERANCE OF A
## DRUG TRAFFICKING CRIME

### ELEMENTS OF THE OFFENSE

Count II of the Indictment charges that the defendant during in and relation to a drug

trafficking crime for which he may be prosecuted in a Court of the United States (to wit,

possession with intent to distribute more than five (5) grams of a mixture and substance

containing a detectable amount of cocaine base, as set forth in Count I of this Indictment),

knowingly carried a firearm, and knowingly possessed said firearm in furtherance of said drug

trafficking crime, all in violation of 18 U.S.C. § 924 (c)(1)(A). For you to find the defendant

guilty of this charge, the Government must prove each of the following elements beyond a

reasonable doubt:


**FIRST**: That the defendant committed the crime of Possession with intent to

distribute more that five (5) grams of a mixture and substance containing a detectable amount of

cocaine base and;

**SECOND**: The defendant knowingly possessed a firearm in furtherance of that crime;


*See* Eighth Circuit Manual of Model Jury Instructions 6.18.924C

## DEFENSE REQUEST

## POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG
## TRAFFICKING OFFENSE – 18 U.S.C. § 924©

In Count II of the indictment, Tyrone Roane is charged with possessing and aiding and abetting the possession of a firearm in furtherance of a drug trafficking offense.  The statute governing the conduct found in Count II of this Indictment is found at 18 U.S.C. § 924( c).  The statute provides in pertinent part:

> Any person who, during and in relation to any crime of violence or drug
>
> trafficking crime,...for which a person may be prosecuted in a court of the United
>
> States, uses or carries a firearm, or who in furtherance of any such crime,
>
> possesses a firearm shall [be guilty of a crime].

2 L.Sand, *et al, Modern Federal Jury Instructions*, 35-76, (2001).

## POSSESSION OF FIREARM BY A FELON

### ELEMENTS OF THE OFFENSE

Count III of the Indictment charges the defendant with Possession of a Firearm by a Convicted Felon. For you to find the defendant guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

**FIRST:** That, prior to the date of the offense alleged in the Indictment, the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND:** That the defendant knowingly possessed the firearm charged in the Indictment, that is, Ruger, Model MKII, .22 caliber pistol, serial number 214-92208; and

**THIRD:** That the firearm had passed in interstate commerce.

*See United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).

## **UNANIMITY**

The Indictment alleges possession of a firearm by a felon.  When reaching a verdict, you must be unanimous that he possessed the firearm.

### STIPULATION REGARDING
### DEFENDANT'S PRIOR FELONY CONVICTION

With regard to the first element, the existence of a prior felony conviction, the parties have stipulated that the defendant was convicted of a crime in the United States District Court for the District of Delaware, and that this crime was a felony, punishable by imprisonment for a term exceeding one year. The parties also have stipulated that this felony conviction occurred prior to the time that the defendant is alleged to have possessed the firearm charged in the Indictment.

I instruct you, in this connection, that the prior conviction that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose, nor may you speculate as to what it was for.

*See* 2 L. Sand, *et al.*, *Modern Federal Jury Instructions*, § 35-48.

## **"FIREARM" - DEFINED**

The term "firearm" means any weapon which will, or is designed to, expel a projectile by the action of an explosive.

*See* 18 U.S.C. § 921(a)(3)(A) (in pertinent part).

## **ACTUAL AND CONSTRUCTIVE POSSESSION**

Next, I want to explain something about possession. The Government does not necessarily have to prove that the defendant physically possessed the firearm or drugs charged in the Indictment for you to find him guilty of this crime. The law recognizes two kinds of possession - actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict.

To establish actual possession, the Government must prove that the defendant had direct, physical control over the firearm and knew that he had control of it.

To establish constructive possession, the Government must prove that the defendant had the right to exercise physical control over the firearm and knew that he had this right, and that he intended to exercise physical control over it at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

The Government does not have to prove that the defendant was the only one who had possession of the firearm. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But understand that just being present where something is located does not equal possession. The Government must prove that the defendant had actual or constructive possession of the firearm and knew that he did for you to find him guilty of this crime.

You should also understand that ownership and possession are two distinct concepts, and that the Government does not have to prove that the defendant owned the firearm. The

Government only has to prove that the defendant had actual or constructive possession, as I have explained those terms for you here.

This, of course, is all for you to decide.

*See* Sixth Circuit Pattern Jury Instruction §§ 2.10, 2.11 (modified to add ownership versus possession concept).

## "KNOWINGLY" - DEFINED

The Government must prove that the defendant "knowingly" possessed the firearm and/or drugs charged in the Indictment. This means that the defendant possessed the firearm and/or drugs purposely and voluntarily, and not by accident or mistake.

Regarding the firearm, "knowingly" also means that he knew that the firearm was a firearm, as we commonly use the word. However, the Government is not required to prove that the defendant knew that he was breaking the law by possessing the firearm, or that the defendant possessed the firearm with the intent to cause harm.

*See* 2 L. Sand, *et al.*, *Modern Federal Jury Instructions*, § 35-49; *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

*See* Sixth Circuit Pattern Criminal Jury Instructions §2.08.

## **"INTERSTATE COMMERCE" - DEFINED**

To satisfy the third element of the crime of Possession of a firearm by a felon, the Government must prove that at some point prior to the defendant's possession of the firearm charged in the Indictment, the firearm had traveled in interstate commerce. It is sufficient for the Government to satisfy this element by proving that at any time prior to the date charged in the Indictment, the firearm crossed a state line. It is not necessary that the Government prove that the defendant himself carried the firearm across a state line, nor must the Government prove who carried the firearm or how it was transported. It is also not necessary for the Government to prove that the defendant knew that the firearm had traveled through interstate commerce.

Proof that the firearm was manufactured outside of the State of Delaware and traveled into the State of Delaware is sufficient to satisfy this element.

*See* 2 L. Sand, *et al.*, *Modern Federal Jury Instructions*, § 35-50; *Scarborough v. United States*, 431 U.S. 563, 567 (1977); *United States v. Singletary*, 268 F.3d 196, 198, 200 (3d Cir. 2001).

## **"ON OR ABOUT" -- PROOF OF**

You will note the Indictment charges that the offense was committed on "on or about" March 29, 2007. The Government does not have to prove with certainty that the alleged crime occurred on that date. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

*See* Sixth Circuit Pattern Criminal Jury Instructions §2.08.

## DELIBERATIONS AND VERDICT

### INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 8.01 (citation omitted).

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the charges in the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the charges in the Indictment.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 8.03A (adapted) (citation omitted).

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

*See* Sixth Circuit Pattern Criminal Jury Instructions, § 8.04 (citation omitted).

## **PUNISHMENT**

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

*See* Sixth Circuit Pattern Criminal Jury Instructions § 8.05 (citation omitted).

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decided that the Government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form. Each of you should then sign the form, and the foreperson should date it beneath your signatures and return it to me in court.

*See* Sixth Circuit Pattern Criminal Jury Instructions § 8.06 (citation omitted).

**PROPOSED VERDICT FORM**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-48-GMS |
| | ) | |
| TYRONE ROANE | ) | |
| | ) | |
| Defendant. | ) | |

**VERDICT FORM**

As to Count I, charging the defendant with possession with intent to distribute more than Five (5) grams of a mixture and substance containing a detectable amount of cocaine base:

_____ Guilty                    _____ Not Guilty.

As to Count II, charging the Defendant with possession of a firearm during and in relation to a drug trafficking crime:

_____ Guilty                    _____ Not Guilty.

As to Count III, charging the defendant with possession of a firearm by a convicted felon, we the jury find the Defendant:

_____ Guilty                    _____ Not Guilty.

_____          _____
Jury Foreman                              Juror

_____          _____
Juror                                     Juror

-48-

_____          _____
Juror                                     Juror

_____          _____
Juror                                     Juror

_____          _____
Juror                                     Juror

_____          _____
Juror                                     Juror

Dated: _____  _____ , 2007

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:

Shawn E. Martyniak
Special Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046
(302) 573-6277

Edson Bostic, Esquire
Federal Public Defender's Office
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010

Attorney for Defendant Roane

October 22, 2007