IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-48-GMS |
| TYRONE ROANE, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION FOR DISCLOSURE OF IDENTITY AND INFORMATION PERTAINING TO CONFIDENTIAL INFORMANT**

Defendant, Tyrone Roane, by and through his undersigned counsel, Edson A. Bostic, Federal Public Defender for the District of Delaware, respectfully requests that this Court direct the government to provide defense counsel with the identity of, and any relevant information pertaining to, the Confidential Informant utilized by police in this matter.

In support of this motion, Mr. Roane avers as follows[1]:

1. On April 3, 2007, Mr. Roane was indicted for possession of crack cocaine, in violation of 21 U.S.C. §§ 841a)(1) and (b)(1)(B), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

2. On March 29, 2007, Officer Brian Witte of the Wilmington Police Department allegedly received information from a confidential informant that a black male wearing a black and

[1]The facts contained in paragraphs 1-6 of this motion were taken from Discovery provided to the defense by the government, as well as from independent defense sources.

white printed jacket was selling narcotics from a home at 2201 N. Pine Street in Wilmington, Delaware. This home is owned by Victoria Jones, Mr. Roane's friend.

3. Based on this information, Officer Witte contacted Officers Shawn Gordon and Kurt Bryson and initiated surveillance of Ms. Jones' residence. The officers saw Mr. Roane, who matched the informant's clothing description, standing on the porch.

4. The officers alleged that Mr. Roane entered Ms. Jones' home as Officers Gordon and Bryson drove past the home in their police vehicle. Officer Witte alleged that he subsequently drove past the home and saw Mr. Roane enter the home for a second time.

5. Officers Witte, Gordon and Bryson simultaneously approached the home and alleged that Mr. Roane immediately began to re-enter it. Officer Bryson allegedly told Mr. Roane that they wanted to talk to him and asked him twice to stop. Mr. Roane, however, declined these requests, re-entered the home and shut the door.

6. Shortly thereafter, Officers Gordon and Bryson forcibly entered the home and pursued Mr. Roane through an open back door and into the backyard. Officer Witte went to the rear of the home and allegedly observed Mr. Roane exit the back door and enter the backyard, and throw what appeared to be a firearm.

7. During this pursuit, one of the officers fired at, and hit, Mr. Roane with a taser. Mr. Roane was arrested, and the police searched the yard next door and recovered a weapon and crack cocaine.

8. According to the testimony of a civilian witness at an earlier hearing, Mr. Roane's arrest was effectuated outside of the yard and by the sidewalk.

9. Mr. Roane asserts that, to the extent that the confidential informant may have observed part or all of the circumstances of his arrest, the identity of a confidential informant should be disclosed where, as here, the testimony is relevant, and may throw doubt upon the defendant's guilt or innocence. Notwithstanding, Mr. Roane presently has no knowledge of what observations, if any the Confidential Informant actually made. Neither is he aware of any other witness who may be able to contradict what police stated occurred in the backyard. See Roviaro v. United States, 353 U.S. 53, 62 (1957); United States v. Jiles, 658 F.2d 194 (3d Cir. 1981).

**WHEREFORE**, for the foregoing reasons and in the interest of justice, defendant Tyrone Roane respectfully requests that the instant motion be granted.

Respectfully Submitted,

/s/
Edson A. Bostic, Esquire
Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Tyrone Roane

DATED: November 13, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, :
:
Plaintiff, :
:
v. : Criminal Action No. 07-48-GMS
:
TYRONE ROANE, :
:
Defendant. :

**O R D E R**

**AND NOW**, this day of 2007, upon consideration of Defendant's Motion for Disclosure of Identity and Information Pertaining to the Confidential Informant, it is hereby **ORDERED** that said Motion is **GRANTED**. The government shall disclose to the defense the following information relating to the Confidential Informant:

1. identities and any aliases;
2. current address and addresses while she/he had served in the capacity of witness;
3. prior criminal record, including charges not resulting in convictions and prior criminal conduct for which the witness were not charged;
4. all promises of consideration made and benefits given to the witness by any local, state or federal government or law enforcement authority in this case or any other local, state or federal investigation or prosecution;
5. prior testimony of the witness in his/her capacity as witness;
6. prior cases in which the witness has supplied information, and investigation and

       results of the witness's assertions;

7. information about any counseling, therapy, psychological or psychiatric examination or treatment the witness has undergone;

8. information about the witness's use of alcohol and controlled substances, including any examination or treatment for substance or alcohol abuse or addiction;

9. policies and procedures of the Wilmington Police Department regarding the use and treatment of Confidential Informants.

It is so **ORDERED**.

BY THE COURT:

________________________________________
THE HONORABLE GREGORY M. SLEET
United States District Court Chief Judge