IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-48 GMS |
| | ) | |
| TYRONE ROANE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

WHEREAS, on April 3, 2007, the Grand Jury for the District of Delaware indicted the defendant for possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2);

WHEREAS, the indictment was the result of the defendant's arrest, on March 29, 2007;

WHEREAS, on March 29, 2007, the Wilmington Police Department received information from a confidential source that a black male wearing a black and white jacket was observed conducting a drug transaction at or near 2201 North Pine Street, Wilmington, Delaware;

WHEREAS, the information provided by the confidential source led, in part, to the defendant's arrest;

WHEREAS, on November 13, 2007, the defendant filed a Motion for the disclosure of the identity of the confidential source (D.I. 31);

WHEREAS, the motion asserts that the identity of and any information pertaining to the confidential source should be disclosed to the extent that he or she may have observed part or all of

the circumstances of the defendant's arrest;

WHEREAS, courts traditionally protect the identity of a confidential source who provides information to law enforcement in order to further and protect the public interest in effective law enforcement;[1]

WHEREAS, "[w]here the disclosure of an informer's identity, or of the contents of the communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way;"[2]

WHEREAS, "mere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his [or her] identity;"[3]

WHEREAS, nothing in the record indicates that the confidential source in the present case observed any of the circumstances of the defendant's arrest;

WHEREAS, the confidential source does not appear on the government's witness list and will not be called to testify at trial; and

---

[1] *See Roviaro v. United States*, 353 U.S. 53, 59 (1957) ("The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.").

[2] *Id.* at 60-61; *see United States v. Jiles*, 658 F.2d 194, 198-99 (3d Cir. 1981) ("[T]he Court specifically articulated those circumstances in *Rovairo* which required the informant's identity be released: (1) the possible testimony was highly relevant; (2) it might have disclosed an entrapment; (3) it might have thrown doubt upon the defendant's identity; and (4) the informer was the sole participant other than the accused, in the transaction charged."); *United States v. Bazzano*, 712 F.2d 826, 839 (3d Cir. 1983) ("In determining whether the privilege should be sustained, a court must 'balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense.).

[3] *Bazzano*, 712 F.2d at 839 (citation omitted).

WHEREAS, the court concludes that the defendant's motion offers mere speculation as to his need for the disclosure of the confidential source's identity;

IT IS HEREBY ORDERED that:

1. The defendant's Motion for Disclosure of Identity and information Pertaining to Confidential Informant (D.I. 31) is DENIED.[4]

Dated: November 15, 2007

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

NOV 1 5 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[4] Because the authority is well-settled on the issue of disclosing the identity of a confidential source, the court decides this motion without a response from the government.