IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-48-GMS |
| | ) | |
| TYRONE ROANE, | ) | |
| | ) | |
| Defendant. | ) | |

## **JURY INSTRUCTIONS**

Dated: March 14, 2008

# TABLE OF CONTENTS

**PAGE**

ROLE OF THE JURY .................................................. -1-

EVIDENCE ......................................................... -2-

DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................. -4-

CREDIBILITY OF WITNESSES .......................................... -6-

DEFENDANT'S ELECTION NOT TO TESTIFY ................................ -8-

OPINION EVIDENCE .................................................. -9-

CREDIBILITY OF WITNESSES - LAW ENFORCEMENT OFFICERS ............... -10-

NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED ........................ -11-

SPECIFIC INVESTIGATION TECHNIQUES NOT REQUIRED .................... -12-

PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT ... -13-

ON OR ABOUT ...................................................... -15-

ELEMENTS OF THE OFFENSES CHARGED
POSSESSION WITH INTENT TO DISTRIBUTE
FIVE (5) GRAMS OF A MIXTURE AND SUBSTANCE
CONTAINING A DETECTABLE AMOUNT OF COCAINE BASE ....................-16-

DEFINITION OF DISTRIBUTION ....................................... -17-

INTENT TO DISTRIBUTE .............................................-18-

KNOWING POSSESSION DEFINED .......................................-19-

POSSESSION OF A FIREARM IN FURTHERANCE
OF A DRUG TRAFFICKING CRIME ......................................-20-

FIREARM OFFENSES - KNOWING POSSESSION DEFINED .................... -21-

REQUIRED STATE OF MIND - INTENTIONALLY, KNOWINGLY ................ -22-

FIREARM DEFINED .................................................. -23-

DELIBERATIONS AND VERDICT ........................................ -24-

Table of Contents (Cont'd)                                          PAGE

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -27-

# FINAL INSTRUCTIONS

## Role of Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

## Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that

-2-

the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

-3-

## Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial, or indirect, evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

-4-

You should consider all the evidence that is presented in this trial, direct and

circumstantial. The law makes no distinction between the weight that you should give to either

direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

## Credibility of Witnesses

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

-6-

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

## **Defendant's Election Not to Testify**

Tyrone Roane did not testify in this case. A defendant has an absolute constitutional right not to testify. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that Tyrone Roane did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that Tyrone Roane did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

## Opinion Evidence (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Detective David Rosenblum and David Leff. Because of their knowledge, skill, experience, training, or education in the field of street level drug trafficking, Detective Rosenblum and Mr. Leff *were* permitted to offer an opinion in that field and the reasons for that opinion.

The opinion these witnesses stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion entirely if you decide that either Detective Rosenblum or Mr. Leff's opinion was not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is not supported by the facts shown by the evidence, or if you think that the opinion is outweighed by other evidence.

## **Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of a law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

## Not All Evidence, Not All Witnesses Needed

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

## Specific Investigation Techniques Not Required

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as DNA analysis or fingerprint analysis. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to gather DNA or fingerprint evidence or offer DNA or fingerprint evidence.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

## **Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant, Tyrone Roane, pleaded not guilty to the offenses charged. Tyrone Roane, is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Tyrone Roane unless and until the government has presented evidence that overcomes that presumption by convincing you that Tyrone Roane is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find Tyrone Roane not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Tyrone Roane has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that Tyrone Roane is guilty and this burden stays with the government throughout the trial.

In order for you to find Tyrone Roane guilty of the offenses charged, the government must convince you that Tyrone Roane is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

## On or About

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

# ELEMENTS OF THE OFFENSES CHARGED

## POSSESSION WITH INTENT TO DISTRIBUTE MORE THAN FIVE (5) GRAMS OF A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE BASE

### ELEMENTS OF THE OFFENSE

The defendant, Tyrone Roane, is charged in the indictment with committing the offense of knowingly possessing with intent to distribute more than five (5) grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). This offense has four essential elements, which are:

**FIRST**: That the defendant knowingly possessed the mixture and substance containing a detectable amount cocaine base charged in the Indictment;

**SECOND**: That the mixture and substance did contain a detectable amount of cocaine base;

**THIRD**: The cocaine base weighed in excess of five grams;

**FOURTH**: The defendant possessed the controlled substance with the intent to distribute it.

## **Definition of Distribution**

The word "distribute" means to deliver a controlled substance. "Deliver" is defined as the actual, constructive, or attempted transfer of a controlled substance. Simply stated, the words, distribute and deliver mean to pass on, or to hand over to another, a controlled substance.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating or receiving the price, and supplying or delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of drugs.

## Intent to Distribute

As an alternative to proving that the defendant actually distributed the drugs, to satisfy the third element the government may prove that the defendant possessed controlled substances with the intent to distribute them. To prove the third element in this way, the government must prove beyond a reasonable doubt that the defendant had control over the drugs with the state of mind to transfer them to another person.

The same considerations that apply to your determination whether the defendant knew he possessed controlled substances apply to your decision concerning the defendant's intent to distribute them. Since you cannot read the defendant's mind, you must make inferences from his behavior. However, you may not convict the defendant unless these inferences convince you beyond a reasonable doubt that the defendant intended to distribute the controlled substances.

Basically, what you are determining is whether the drugs in the defendant's possession were for his personal use or for the purpose of distribution. Often it is possible to make this determination from the quantity of drugs found in the defendant's possession. (For example, it would be highly unlikely that a person with 50,000 doses of amphetamine possessed them all for personal consumption.)

The possession of a large quantity of controlled substances does not necessarily mean that the defendant intended to distribute them. On the other hand, a defendant may have intended to distribute controlled substances even if he did not possess large amounts of them. You should make your decision whether the defendant intended to distribute the controlled substances in his possession from all of the evidence presented.

-18-

## Knowing Possession Defined

To establish the first element of the offense, the government must prove that Tyrone Roane knowingly possessed the cocaine base in question. To "possess" means to have something within a person's control. The government does not have to prove that Tyrone Roane physically held the controlled substance, that is, had actual possession of it. As long as the controlled substance was within Tyrone Roane's control, he possessed it. If you find that Tyrone Roane either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in Tyrone Roane's physical possession - that is, that Tyrone Roane had the ability to take actual possession of the object when Tyrone Roane wanted to do so - you may find that the government has proven possession. Possession may be momentary or fleeting.

Mere proximity to the controlled substance or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession.

Proof of ownership of the controlled substance is not required.

The government must prove that Tyrone Roane knowingly possessed the controlled substance described in the indictment. This means that Tyrone Roane possessed the controlled substance purposely and voluntarily, and not by accident or mistake.

# POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

## ELEMENTS OF THE OFFENSE

Count II of the indictment charges Tyrone Roane with possessing a firearm in furtherance of a drug trafficking crime, which is a violation of federal law. The offense alleged in Count I is a drug trafficking crime.

In order to find Tyrone Roane guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

**FIRST**:     That Tyrone Roane committed the crime of Possession with intent to distribute more that five (5) grams of a mixture and substance containing a detectable amount of cocaine base as charged in Count I of the indictment; and

**SECOND**:     That Tyrone Roane knowingly possessed a firearm in furtherance of that crime. If you find Tyrone Roane possessed the firearm, you must consider whether the possession was in furtherance of Possession with intent to deliver in excess of five grams of cocaine base.

## Firearm Offenses – Knowing Possession Defined

To establish the second element of the offense, the government must prove that Tyrone Roane possessed the firearm in question. To "possess" means to have something within a person's control. The government does not have to prove that Tyrone Roane physically held the firearm, that is, had actual possession of it. As long as the firearm was within Tyrone Roane's control, he possessed it. If you find that Tyrone Roane either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in Tyrone Roane's physical possession - that is, that Tyrone Roane had the ability to take actual possession of the object when Tyrone Roane wanted to do so - you may find that the government has proven possession. Possession may be momentary or fleeting.

Mere proximity to the firearm or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession.

Proof of ownership of the firearm is not required.

The government must prove that Tyrone Roane knowingly possessed the firearm described in the indictment. This means that Tyrone Roane possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that Tyrone Roane knew the object was a firearm.

-21-

## **Proof Of Required State of Mind – Intentionally, Knowingly**

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, Tyrone Roane's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine Tyrone Roane's state of mind, what Tyrone Roane intended or knew at a particular time, you may consider evidence about what Tyrone Roane said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Tyrone Roane's state of mind.

You may also consider the natural and probable results or consequences of any acts Tyrone Roane knowingly did, and whether it is reasonable to conclude that he intended those results or consequences. You may find, but you are not required to find, that Tyrone Roane knew and intended the natural and probable consequences or results of acts he knowingly did. This means that if you find that an ordinary person in Tyrone Roane's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that he did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.

-22-

## **"Firearm" - Defined**

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon.

## DELIBERATIONS AND VERDICT

### INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Your first task upon retiring to deliberate will be to select a jury foreperson.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## **Unanimous Verdict**

Your Verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt as to that Count.

To find him not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt as to that Count.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached a unanimous agreement as to the guilt or innocence of the defendant with respect to each of the Counts in the Indictment, you then return to the courtroom. Your foreperson, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" of "Guilty" with respect to each count in the Indictment.

## __Duty to Deliberate__

Now that all of the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully, and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out differences. Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must exactly that – your own vote. It is important for you to reach a unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allow to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt with respect to each Count.

## <u>Verdict Form</u>

A verdict form has been prepared that you should use to record your verdict.

Take this form with you to the jury room. When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved Tyrone Roane guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved Tyrone Roane guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

Please be aware that, after you complete your deliberations, there may be some additional evidence presented and an additional matter about which you will have to deliberate.

## **PUNISHMENT**

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

28

### COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way   You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.